**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



FILED

DEC 8 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

HECTOR ALEXANDER UMANZOR-AGUILAR,

Petitioner,

v.

ERIC H. HOLDER, Jr., Attorney General,

Respondent.

No. 10-70909

Agency No. A094-770-546

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 18, 2014[**]

Before: LEAVY, FISHER, and N.R. SMITH, Circuit Judges.

Hector Alexander Umanzor-Aguilar, a native and citizen of El Salvador, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's ("IJ") decision denying his application for asylum, withholding of removal, and protection under the

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Tapia Madrigal v. Holder*, 716 F.3d 499, 503 (9th Cir. 2013). We grant the petition for review and remand.

In denying Umanzor-Aguilar's asylum and withholding of removal claims, the agency found Umanzor-Aguilar failed to establish past persecution or a fear of future persecution on account of a protected ground. When the IJ and BIA issued their decisions in this case, they did not have the benefit of this court's decisions in *Perdomo v. Holder*, 611 F.3d 662 (9th Cir. 2010), *Henriquez-Rivas v. Holder*, 707 F.3d 1081 (9th Cir. 2013) (en banc), *Cordoba v. Holder*, 726 F.3d 1106 (9th Cir. 2013), and *Pirir-Boc v. Holder*, 750 F.3d 1077 (9th Cir. 2014), or the BIA's decisions in *Matter of M-E-V-G-*, 26 I. & N. Dec. 227 (BIA 2014), and *Matter of W-G-R-*, 26 I. & N. Dec. 208 (BIA 2014). Thus, we remand Umanzor-Aguilar's asylum and withholding of removal claims to determine the impact, if any, of these decisions. *See INS v. Ventura*, 537 U.S. 12, 16-18 (2002) (per curiam). In light of this remand, we do not reach Umanzor-Aguilar's remaining challenges to the agency's denial of his asylum and withholding of removal claims at this time.

With respect to CAT relief, the record shows that the police refused to take a report of the attack on Umanzor-Aguilar without the gang members' names. The

IJ found that the police "were not able to really do much about" the attack and that the evidence did not show the government was "aware of the activity." These findings are not supported. *See Konstantinova v. INS*, 195 F.3d 528, 529 (9th Cir. 1999) (agency errs when it distorts or disregards important aspects of claim); *Tapia Madrigal*, 716 F.3d at 509 (petitioner need only show that "a public official" would acquiesce in his torture). Thus, we also remand Umanzor-Aguilar's CAT claim for reconsideration of whether it is more likely than not he will be tortured upon return to El Salvador in light of the police refusal to take the report. *See Ventura*, 537 U.S. at 16-18; *Tapia Madrigal*, 716 F.3d at 510.

**PETITION FOR REVIEW GRANTED; REMANDED.**